

# THE ATTORNEY GENERAL
# OF TEXAS

WAGGONER CARR
ATTORNEY GENERAL

AUSTIN 11, TEXAS

May 12, 1965

Col. Laurence T. Ayres
Executive Assistant
Emergency Resourses Planning Committee
Box 4087 North Austin Station
Austin, Texas   78751

Opinion No. C-440

Re: Authority to pay travel
expenses incurred by members
of the Emergency Resources
Planning Committee Task
Groups

Dear Sir:

        We are in receipt of your letter of recent date
requesting an opinion on the question hereinabove stated.

        We quote the following from your letter:

        "On December 1, 1964, the Governor of the
State of Texas, represented by Colonel Homer
Garrison, Jr., State Coordinator, Office of
Defense and Disaster Relief, entered into a
contract with the United States of America,
through the Office of Emergency Planning,
wherein it was agreed that the State shall
prepare, test and submit an Emergency Resource
Management Plan in return for a monetary
consideration not to exceed $46,975.  The
estimate used to determine the amount of
money necessary to complete the project
included $14,000 for travel purposes, of
which $9,000 was scheduled for communica-
tions and task group travel.  This amount
was considered sufficient to defray travel
costs incurred by members of the Emergency
Resources Planning Committee Task Groups,
most of whom are private citizens of the
State.

        "This office is informed that the laws
of the State of Texas preclude reimbursement
of travel expenses of private citizens

-2089-

.

traveling on State business."

Sections 2 and 3 of Article 6889-4, Civil Protection Act, provide:

"Sec. 2. The Governor shall provide for the organization and coordination of a program of civil defense and disaster relief adequate to protect life and property in this State in case of natural disaster, enemy action, or the threat thereof.

"He may establish by executive proclamation a State Defense and Disaster Relief Council, consisting of the representatives of such State agencies, departments, and institutions of the State whose legal functions relate to important phases of this activity and representatives of public or quasi-public relief organizations, and who may be designated by the Governor.

"Sec. 3. The Governor, or upon his designation, the State Defense and Disaster Relief Council, may issue, within the limits of constitutional power, such directives and executive orders as may be necessary to effectuate the purpose of this Act, which directives shall be filed in the office of the Secretary of State and shall receive widespread publicity and notice unless such notice will be of aid and comfort to the enemy."

Section 5 of Article 6889-4, provides in part:

"Whenever the Federal Government or any other public or private agency or individual may offer to the State, . . . funds as gifts, grants, . . . for purposes of civil defense and/or disaster relief, the State, acting through the Governor, . . . may accept such offer in behalf of the State, . . .Where any gift, grant, or loan is accepted by the State, the Governor or, upon his designation, . . . the State Co-ordinator of Civil Defense and Disaster Relief, or such other officer or agency as the Governor may designate, shall have authority to dispense the . . . grant, . . . directly to accomplish the purposes for which it was made, . . .All such funds received by the State shall be placed in

the State Treasury in a special fund or
funds and shall be disbursed by warrants
issued by the Comptroller of Public Accounts
upon order of the Governor or his designated
agent, . . ." As amended Acts 1953, 53rd
Leg., p. 641, ch. 247, § 1; Acts 1953, 53rd
Leg., p. 965, ch. 408, § 1.

Under date of January 17, 1963, Governor John Connally
issued Executive Order No. 1 which is quoted as follows:

"EXECUTIVE ORDER NUMBER ONE

Division of Defense and Disaster Relief
Designation of State Coordinator

1. Pursuant to the authority vested in
me by the Texas Civil Protection Act of 1951
(Acts 1951, 52nd Leg., Ch. 311, as amended),
I hereby designate the Director of Public
Safety as State Coordinator of Civil Defense
and Disaster Relief and Chairman of the State
Defense and Disaster Relief Council. In
these capacities said Director shall serve
as my designated agent in the administration
and supervision of the State Civil Defense
and Disaster Relief Program in accordance
with the Act to exercise the powers granted
to the Governor therein.

2. The State Civil Defense and Disaster
Relief Council is hereby authorized to issue
such directives and executive orders as may
be necessary to effectuate the purpose of
the Civil Protection Act and is further
authorized and empowered to exercise the
specific powers enumerated in the Act.
All existing compacts, agreements, organiza-
tions, plans, operations, directives and
executive orders not in conflict herewith
are continued in full force and effect."

Under date of December 1, 1964, the United States of
America, acting through the Office of Emergency Planning,
entered into a contract with the State of Texas, acting by
and through Colonel Homer P. Garrison, State Coordinator,
Office of Defense and Disaster Relief, same being Contract
No. OEP-SLP-64-9. Under Article II of said contract, the
same provides:

"1. <u>Consideration</u>.

The Government agrees to pay the State
of Texas as complete compensation for all work
and services under this contract allowable and
reimbursable costs not to exceed the amount of
$46,975. Allowable and reimbursable costs shall
be determined in accordance with General Pro-
vision 2, COSTS, of Appendix A.

"2. <u>Firm Budget</u>.

The firm budget for this program is
as follows:

|                | Phase I | Phase II | Total    |
|----------------|---------|----------|----------|
| Salaries       | $6,150  | $21,575  | $27,725  |
| Travel         | 3,000   | 11,000   | 14,000   |
| Printing       | 300     | 2,700    | 3,000    |
| Communications | 500     | 1,750    | 2,250    |
| Total          | $9,950  | $37,025  | $46,975  |

This firm budget represents the total funds
authorized to be expended by the State under this
contract. Within the total established budget,
the State may increase or decrease, in an amount
not to exceed 15 percent, any of the line items
contained in the firm budget without the express
approval of the Office of Emergency Planning.

"3. <u>Advance of Funds</u>.

An advance in the amount of $9,400 shall
be provided to the State for purposes of establishing
a working fund for use under this program. By
executing this contract and accepting the advance,
it is understood and agreed that the State shall
handle the funds in accordance with subparagraphs b.
(1), (2), and (3) of General Provision 3, ADVANCES,
of Appendix A.

"4. <u>Method of Payment</u>.

The State shall submit vouchers monthly in
accordance with the procedures prescribed in General
Provision 4, METHOD OF REIMBURSEMENT, of Appendix A."

"Appendix A

"1.  GENERAL.

The reimbursable costs of the project shall not exceed the actual costs nor the amount stipulated in Article II of the contract.

"2.  COSTS.

a.  Allowable Costs.

OEP shall reimburse the State for reasonable costs actually expended for salaries, travel, and printing necessary to the performance of the work required under the terms of this contract.  (See limitations, OEP Regulation 1714.5).  Proof of such expenditures must be adequately documented.

The following are allowable costs when related to the contract:

"  .  .  .

"(3)  Travel expenses in accordance with regulations of the State; where no State travel regulations exist, travel expenses shall be in accordance with Standardized Government Travel Regulations.

(a)  Travel of project staff, including unpaid personnel such as committee members or consultants utilized in the performance of the contract, when approved by the Emergency Planning Director.

(b)  Travel outside of the State, when approved by the OEP Regional Director."  (Emphasis added)

Homer P. Garrison, Jr., is shown to be the Emergency Planning Director of the State of Texas, as set out in directory issued from the Executive Office of the President.

Section 26 of Article V, House Bill No. 86, Acts 58th Leg., Regular Session, 1963, (Biennial Appropriation Bill), provides in part:

"Sec. 26.   FEDERAL CONTRACTS AND AGREEMENTS.
None of the Federal funds appropriated for use by
the terms of this Act may be expended pursuant to
a contract or agreement with the Federal Government
unless and until the appropriate State agency has
filed a copy of such contract or agreement with the
Secretary of State for recording.  . . ."

We are advised that such contract has been filed with the
Secretary of State.

In view of the provisions of Section 5 of Article
6889-4, Revised Civil Statutes of Texas, and the contract
allowing travel expenses to be paid to:  Travel of Project
Staff, including unpaid personnel such as committee members,
we are of the opinion that such travel expense can be paid,
when such travel expenses have been approved by the Emergency
Planning Director, from any sums available for such travel
expenses, which have been received by the State of Texas, by
virtue of the contract herein mentioned.

## SUMMARY

Pursuant to Article 6889-4, travel expenses
incurred by members of the Emergency Planning
Committee Task Groups, can be paid, when such
travel expenses have been approved by the
Emergency Planning Director, from any sums
available for such travel expenses, which
have been received by the State of Texas,
by virtue of the contract herein mentioned,
on warrants issued by the Comptroller of
Public Accounts.

Yours very truly,

WAGGONER CARR
Attorney General

By  John H. Banks
John H. Banks
Assistant

JHB:sj

Col. Laurence T. Ayres, page 7 (C-440)


APPROVED:

OPINION COMMITTEE

W. V. Geppert, Chairman
John Reeves
Roy Johnson
Frank Booth
Kerns Taylor

APPROVED FOR THE ATTORNEY GENERAL
BY:  Stanton Stone